ALEXIS GALINDO (State Bar No. 136643)
  agalindo@cgsattys.com
MAXIMILIANO GALINDO (SBN 328187)
  mgalindo@cgsattys.com
CURD GALINDO & SMITH LLP
301 East Ocean Blvd., Suite 1700
Long Beach, CA 90802-4828
Telephone:  (562) 624-1177
Facsimile:    (562) 624-1178

Attorneys for Plaintiff
WILLIAM KELANI CASTILLO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KELANI CASTILLO<br><br>          Plaintiffs,<br><br>vs.<br><br>COUNTY OF STANISLAUS, a public entity, STANISLAUS COUNTY SHERIFF'S DEPARTMENT; JEFF DIRKSE; CAPTAIN SCOTT HOUSTON; Sgt WHITE,  Sgt WATSON, Sgt ELLIOT, Sgt BOPS, Sgt GONZALES, Custody Assistant SINGH and Custody Assistant ROBINSON,<br><br>          Defendants. | Case No:<br><br>**COMPLAINT FOR DAMAGES,**<br><br>1.  42 USC 1983 Deliberate Indifference-Eighth Amendment<br>2.  42 USC 1983 Deliberate Indifference-Fourteenth Amendment<br>3.   Monell Claims<br>4.  42 USC 1983 Deliberate Indifference-Failure to Train/Supervise 4 & 14th Amendment |

Plaintiff, by and through his attorneys CURD, GALINDO & SMITH LLP, for his Complaint against Defendants, state as follows:

## JURISDICTION AND VENUE

COMPLAINT AND JURY DEMAND

1

1.     This is a civil rights failure to protect action arising from defendants',

COUNTY OF STANISLAUS, a public entity, STANISLAUS COUNTY SHERIFF'S

DEPARTMENT; JEFF DIRKSE; CAPTAIN SCOTT HOUSTON; Sgt WHITE,  Sgt

WATSON, Sgt ELLIOT, Sgt BOPS, Sgt GONZALES, Custody Assistant SINGH

and Custody Assistant ROBINSON and DOE defendants' negligence and deliberate

indifference which led to the sexual assault and rape of WILLIAM KELANI

CASTILLO on August 3, 2021. This action is brought pursuant to 42 USC §§ 1983

and 1988, and the Fourth, Eighth and Fourteenth Amendments to the United States

Constitution, as well as the laws and Constitution of the State of California.

Jurisdiction is founded upon 28 USC §§ 1331 and 1343(a)(3) and (4), and the

aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the

supplemental jurisdiction of this Court pursuant to 28 USC §1367 to hear and decide

claims arising under state law.  The amount in controversy herein, excluding interest

and costs, exceeds the minimum jurisdictional limit of this Court.

2.     Venue is proper in this Court under 28 USC §1391(b), because

Defendants reside in, and all incidents, events, underlying acts, omissions, injuries,

and occurrences giving rise to this action occurred in, the County of STANISLAUS,

which is in the Eastern District of California.

3.     This is an action for damages against the Stanislaus County and each of

the additionally named Defendants as designated including Does (collectively as

COMPLAINT AND JURY DEMAND

"defendants") for their failure to protect a defenseless and vulnerable man entrusted to their care, upon knowledge as to Plaintiff's information and belief as to all matters, as follows hereto.

## PARTIES AND PROCEDURE

4.    The designated defendants, are employed by the County of Stanislaus.   The causes of action in this matter are based on violations of William Kelani Castillo's rights under the U.S. Constitution.

5.    Defendant COUNTY OF STANISLAUS ("COUNTY") is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the COUNTY OF STANISLAUS SHERIFF'S DEPARTMENT ("SSD"), a public agency subject to suit, which employs other defendants in this action.  In this case, the COUNTY and SSD acted through agents, employees, and servants, including their policymakers and through Defendant Sheriff JEFF DIRKSE ("DIRKSE"), the Sheriff of the SSD at the time the underlying acts, omissions, events, injuries, and related facts upon which the present action are based, who is sued herein in his individual capacity only.

6.    Defendant JEFF DIRKSE ("DIRKSE") was at the time of the wrongdoing alleged hereinafter the duly appointed Sheriff of STANISLAUS County, and exercised all powers assigned by law to that position. Pursuant to California Government Code §26605, DIRKSE was under a duty to take charge of, and be the

sole and exclusive authority to keep, the county jail and the inmates in it. (See, also, California Government Code §§26610, California Penal Code §4006). In that capacity, DIRKSE oversaw and supervised the SSD in the performance of the duties, acts and omissions alleged hereinafter. He also exercised final policymaking authority over the policies and practices of SSD with regard to treatment of inmates, security procedures in jail facilities administered by the County of STANISLAUS ("County Jail"), and the training and supervising SSD Deputies assigned to County Jail facilities. DIRKSE is a "person" within the meaning of 42 U.S.C. §1983.

7.     Defendant CAPTAIN SCOTT HOUSTON was at the time of the wrongdoing alleged hereinafter the supervisor for the Adult Custody Division for the STANISLAUS County jail and was delegated the duties for training, supervision of the custody Sheriff deputies and custody assistants  He was the de facto supervisor/operations manager for the Adult Central Jail.

8.     At all times, Defendants COUNTY AND SSD, and each of them, possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the SSD, including those individuals charged with protecting the health and safety of detainees and arrestees at COUNTY detention facilities, including Plaintiff WILLIAM KELANI CASTILLO, and to assure that said actions, policies, rules, regulations, practices and procedures of

the SSD and its employees and agents comply with the laws and constitutions of the

United States and of the State of California.

9.    At all times mentioned herein, Defendants DIRKSE, HOUSTON, and

DOES 1 through 10, inclusive, were residents within the County of STANISLAUS,

State of California.

10.    Plaintiffs are informed and believe, and thereupon allege, that at all

times mentioned herein Defendants DIRKSE, HOUSTON, Sgt WHITE,  Sgt

WATSON, Sgt ELLIOT, Sgt BOPS, Sgt GONZALES, Custody Assistant SINGH

and Custody Assistant ROBINSON and DOES 1 through 10, inclusive, were

employees, agents and/or servants of the COUNTY, acted within the course and

scope of said employment, agency and/or service, and possessed the power and

authority and were charged by law with the responsibility to enact policies and to

prescribe rules and practices concerning the operation of the COUNTY detention

facilities, including the Adult Central Jail and concerning the means by which the life

and safety of arrestees and detainees were to be secured, what criteria were to be used

for placing arrestees and detainees together in custody, what methods of placement of

an arrestee or detainee in a jail cell were appropriate to safeguard the life and safety

of the arrestee or detainee, the manner in which threats to the life and safety of an

arrestee or detainee were to be evaluated and acted upon, what safeguards were to be

in place to prevent inmates, arrestees or detainees who posed a threat to others in the

facility from being permitted physical access to those others, what actions were to be taken when an arrestee or detainee is attacked or injured while incarcerated within a COUNTY detention facility, and what methods of surveillance were to be used within each detention facility to ensure immediate response to and prevention of incidents of violence occurring within jail cells, including holding cells.

11.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants, is legally responsible, intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages, and violations and/or deprivation of rights hereinafter alleged. Plaintiffs will seek leave of Court to amend this Complaint and state the true names and/or capacities of said fictitiously named defendants when the same have been ascertained.

12.     The reason why Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES, inclusive, is that the same have been unascertainable as of the date of filing of this complaint, as many of these DOES may be SSD deputies, sergeants, captains, lieutenants, commanders, deputy chiefs, and/or civilian employee agents, policy makers and representatives of the SSD, or employees, agents and representatives of defendant COUNTY and others, and as

such many of their records are protected by state statute and can only reasonably be ascertained through the discovery process.

13.    The individual defendants were at all times mentioned herein duly appointed, qualified and acting officers of the SSD, acting within the course and scope of such employment with the COUNTY and under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of California and of the County of STANISLAUS.

14.    Plaintiff is informed and believes and thereon alleges that each Defendant so named was employed by Defendant COUNTY at the time of the conduct alleged herein. Plaintiff alleges Defendants DOES 1 through 10, and each of them were deliberately indifferent to Plaintiff's safety, failed to appropriately classify him, failed to protect him from very dangerous inmates known as such to jail classification staff, failed to conduct routine safety checks, failed to follow the mandates of the Prison Rape Elimination Act (PREA), violated his civil rights, wrongfully caused him to be sexually violated, and/or encouraged, directed, enabled and/or ordered other defendants to engage in such conduct. Plaintiffs will amend their complaint to state the names and capacities of DOES 1 through 10, inclusive, when they have been ascertained.

15.    Defendants Sheriff Deputies/custody assistants DOE 1 through DOE 10 at all material times were employed as law enforcement officers by Defendant

COUNTY OF STANISLAUS and were acting within the course and scope of that employment.  Defendants DOE 1 through DOE 10 are being sued in his/her individual capacity.

16.    Plaintiff is informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiff.  Further, one or more DOE defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

17.    Plaintiff is informed and believes, and thereon alleges, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiff are further informed and believes, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.  At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiff's constitutional rights and other harm.

18.    The acts and omissions of all Doe Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the COUNTY OF STANISLAUS SHERIFF'S DEPARTMENT.

19.    At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

20.    This complaint may be pled according to evidence later proven at trial and in the alternative pursuant to FRCivP 8(e)(2).

## FACTS

**A.  General Allegations Regarding Policy and Practice**

21.    Defendants COUNTY and SSD, acted with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff WILLIAM KELANI CASTILLO,  and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies or practices of, among other things:

a.  Subjecting persons in their jails to violence perpetrated by other detainees, arrestees, or inmates.

b.  Selecting, retaining, and assigning deputies, civilian personnel and civilian volunteers to their jails who exhibit deliberate indifference and reckless disregard for the safety, security and constitutional  and statutory rights of detainees, arrestees and inmates;

c.  Failing to take adequate security measures to protect detainees, arrestees and inmate from unnecessary harm, including but not limited to, the following: Separation of detainees and arrestees from potentially violent or dangerous inmates; use of security cameras to monitor violence within jail cells, including holding cells; training deputies, civilian personnel and civilian volunteers to monitor detainees and inmates and immediately respond to acts of violence, or threats of violence; separating and/or closely monitoring mentally ill inmates who are unable to care for themselves and pose an imminent threat to themselves and/or others; recognizing potentially volatile situations and circumstances that are likely to erupt into violence.

d.  Failing to adequately train, supervise, and control deputies, civilian employees or volunteers in the arts of law enforcement;

e.  Failing to adequately discipline deputies or civilian employees involved in misconduct; and

f.  Condoning and encouraging deputies and civilian employees in the belief that they can violate the rights of persons such as the Plaintiff, WILLIAM KELANI CASTILLO, in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

23.    Plaintiffs are informed and believe, and on the basis of such information and belief alleges, that defendants COUNTY and SSD ordered, authorized,

acquiesced in, tolerated, or permitted other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs set forth in the preceding paragraphs. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff, WILLIAM KELANI CASTILLO.

## B. The Incident

24.    WILLIAM KELANI CASTILLO, was arrested and booked into Stanislaus County Jail County of STANISLAUS Sheriff Department Jail is located at 200 E Hackett Road Modesto CA 95358, where he was held as a pre-trial detainee.

25.    On information and belief, Plaintiff alleges that he, WILLIAM KELANI CASTILLO agreed to cooperate in a murder case being prosecuted by the District Attorney's Office of Stanislaus County by Assistant District Attorney, Marlisa Ferreira, against a known gang member.

26.    Based on information and belief, Plaintiff alleges that on or about July 15, 2021 Assistant District Attorney, Marlisa Ferreira notified Stanislaus County Sheriff's Department and advised SSD that Plaintiff needed to be placed in protective custody and segregated from gang members as Plaintiff would be testifying against one of the members in a murder case.

27.    Stanislaus County Sheriff's Office and its deputies and custody assistants, defendants, DIRKSE, HOUSTON, Sgt White,  Sgt Watson, Sgt Elliot Sgt Bops, Sgt Gonzales, Custody Assistant Singh and Custody Assistant Robinson failed to follow and heed Assistant District Attorney, Marlisa Ferreira, request and warning to provide Plaintiff protection against retaliation for his cooperation in the pending murder case.

28.    As a result of the failures, the deliberate indifference and constitutional violations by DIRKSE, HOUSTON, Sgt WHITE,  Sgt WATSON, Sgt ELLIOT Sgt BOPS, Sgt GONZALES, Custody Assistant SINGH and Custody Assistant ROBINSON, Plaintiff was attacked, assaulted and stabbed by Dominik Britt, a known gang member.

29.    Based on information and belief Plaintiff thereon alleges that on or about August 3, 2021WILLIAM KELANI CASTILLO was stabbed by fellow inmate defendant, Dominik Britt.  DIRKSE, HOUSTON, Sgt White,  Sgt Watson, Sgt Elliot, Sgt Bops, Sgt Gonzales, Custody Assistant Singh and Custody Assistant Robinson, were instructed by Assistant District Attorney, Marlisa Ferreira, to provide Plaintiff protection against the very conduct she warned about.

30.    As a result of the failures, the deliberate indifference and constitutional violations by DIRKSE, HOUSTON, Sgt White,  Sgt Watson, Sgt Elliot, Sgt Bops, Sgt Gonzales, Custody Assistant Singh and Custody Assistant Robinson, Plaintiff

was attacked, assaulted and sexually assaulted/raped by Stephen De La Torre, on August 3, 2021.

31.    Plaintiff, based on information and belief, alleges that Defendants COUNTY OF STANISLAUS and its employees, DIRKSE, HOUSTON, Sgt White, Sgt Watson, Sgt Elliot, Sgt Bops, Sgt Gonzales, Custody Assistant Singh and Custody Assistant Robinson and DOE deputies 1 through 10, acted with deliberate indifference and violated the Plaintiff's civil rights and constitutional rights which led to Plaintiff's injuries.

32.    Defendants COUNTY OF STANISLAUS and its employees, DIRKSE, HOUSTON, Sgt White,  Sgt Watson, Sgt Elliot, Sgt Bops, Sgt Gonzales, Custody Assistant Singh and Custody Assistant Robinson and DOE deputies 1 through 10, while in the course and scope of their employment as deputy sheriffs, supervisors, custody assistants or classification officers for the COUNTY OF STANISLAUS, also acted with deliberate indifference when they improperly classified WILLIAM KELANI CASTILLO for housing and special classification and allowed him to be housed with Dominik Britt, Stephen De La Torre known to be a gang members.

33.    Plaintiff, based on information and belief, alleges that COUNTY OF STANISLAUS and its employees, DIRKSE, HOUSTON, Sgt White,  Sgt Watson, Sgt Elliot, Sgt Bops, Sgt Gonzales, Custody Assistant Singh and Custody Assistant Robinson and DOE deputies 1 through, knew or should have known that Dominik

Britt and Stephen De La Torre, were gang members and were extremely violent and would pose a deadly threat or risk of severe bodily injury to Plaintiff mentally unstable when he was booked into STANISLAUS County Men's Central Jail and or at the Inmate Reception Center and placed in a general population unit with decedent and other low level security risk inmates.

33.    Plaintiffs, based on information and belief, allege that COUNTY OF STANISLAUS and its employees, STANISLAUS COUNTY SHERIFF employees, DIRKSE, HOUSTON, Sgt White,  Sgt Watson, Sgt Elliot, Sgt Bops, Sgt Gonzales, Custody Assistant Singh and Custody Assistant Robinson and DOES 1 through 10, knew or should have known that Dominik Britt and Stephen De La Torre, were gang members and were extremely violent and would pose a deadly threat or risk of severe bodily injury to Plaintiff.

34.    The Defendant, COUNTY OF STANISLAUS and its employees, supervisory Command Staff failed to properly train the subordinate detention officers and deputies DOES 1 through 10 regarding the responsibilities associated with their respective employment positions and failed to ensure that the subordinate correctional officers were properly performing their duties.

35.    The Defendant, COUNTY OF STANISLAUS and its employees, supervisory Command Staff were responsible for the health and safety of Plaintiff WILLIAM KELANI CASTILLO  because he was in their custody, they had

"stripped [him] of virtually every means of self-protection and foreclosed [his] access to outside aid."

36.    The Defendant, COUNTY OF STANISLAUS and its employees, supervisory Command Staff may not delegate the constitutional duties that they owed to Decedent WILLIAM KELANI CASTILLO to subordinate employees.

## DAMAGES

37.    As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Decedent WILLIAM KELANI CASTILLO sustained the following injuries and damages, past and future, including, but not limited to:

a.    Violation of constitutional rights;

b.    All damages and penalties recoverable under 42 USC §§ 1983 and 1988, and as otherwise allowed under California and United States statutes, codes, and common law;

c.    WILLIAM KELANI CASTILLO's pain and suffering, pursuant to federal civil rights law;

38.    The wrongful acts of the individually named defendants and DOE defendants excluding defendants COUNTY AND SSD, were willful, oppressive, intentional, and malicious; therefore, punitive damages should be assessed against defendants in an amount deemed sufficient to punish and deter defendants and others in similar positions of authority from engaging in similar conduct in the future.

39.     Pursuant to 42 U.S.C. section 1988(b), Plaintiff is entitled to recover his reasonable attorney fees incurred herein.

40.     The PREA was passed into federal law in 2003 and was enacted in California by Assembly Bill 550, which was called the Sexual Abuse in Detention Elimination Act (SADEA). The standards set forth in the PREA and SADEA apply to all prison, jails and juvenile detention facilities in California. These laws set forth legal standards with the intent of eliminating rape and sexual assaults inside correctional facilities. The foregoing laws were applicable to the STANISLAUS County Jail at all times relevant to the present lawsuit.

41.     PREA requires in part that jails institute: formal training programs, institutional and inmate reporting, screening for risk of victimization and abusive characteristics, inmate education, protective custody, responsive planning protocol for investigations and examinations of rape victims, disciplinary actions, medical care, data collection and other obligations.

42.     DEFENDANTS custom and practice was at all relevant times not compliant with numerous sections of PREA. DEFENDANT DIRKSE was the final policy maker in the STANISLAUS  County jail. DEFENDANTS DIRKSE, HOUSTON, Sgt White,  Sgt Watson, Sgt Elliot, Sgt Bops, and Sgt Gonzales knew, or must have known, that the jail was not complying with the investigative, procedural record keeping and evidence collecting requirements of PREA. In this way,

DEFENDANTS DIRKSE and HOUSTON created a policy which failed to comply with PREA. Specifically, MR. CASTILLO never received any education on PREA and was not screened consistent with PREA. On information and belief, neither were Dominik Britt and Stephen De La Torre were screened by jail staff as potential sexual abusers/predators. Contrary to PREA, jail staff, upon learning of the assault, expressly made MR. CASTILLO feel as though he was not a "man" for having "permitted" the assault to occur. DEFENDANTS' custom and practice was to not properly train jail staff on sexual assault investigations and preservation of evidence. Upon learning of the assault, MR. CASTILLO was permitted to shower and significant evidence was not preserved, either on MR. CASTILLO's body or in the cell. MR. CASTILLO's transport to the hospital was significantly delayed. Further, on information and belief, neither Dominik Britt and Stephen De La Torre  faced any penalty or punishment despite repeatedly raping and torturing MR. CASTILLO over the course of greater than 12 hours.

43.    The DEFENDANTS' custom and practice was to not adequately train jail staff to conduct sexual assault investigations and preserve critical evidence. Jail officials did not use a rape kit on MR. CASTILLO to collect evidence. The failure of the STANISLAUS County jail and its staff to take the mandatory actions set forth in the PREA despite their subjective knowledge of the risks of sexual assault in prison for which the PREA was instituted constitute deliberate indifference to the health,

well-being and due process rights of MR. CASTILLO resulting in his injuries. The jail did not follow through with its investigative duties under the PREA, did not give Mr. CASTILLO the investigative notices owing to him and did not train its staff to do so in deliberate indifference to MR. CASTILLO's rights.

## FIRST CLAIM FOR RELIEF

### EIGHTH AMENDMENT – UNUSUAL PUNISHMENT

### (42 USC §1983 Deliberate Indifference)

**(PLAINTIFF AGAINST DIRKSE, HOUSTON, Sgt White,  Sgt Watson, Sgt Elliot, Sgt Bops, Sgt Gonzales, Custody Assistant Singh and Custody Assistant Robinson and DOES 1 through 10)**

44.    Plaintiff realleges and incorporate by reference the allegations in paragraphs 1 through 43 above as though fully set forth herein.

53.    Individual defendants,  DIRKSE, HOUSTON, Sgt White,  Sgt Watson, Sgt Elliot, Sgt Bops, Sgt Gonzales, Custody Assistant Singh and Custody Assistant Robinson and DOES 1 through 10 in their individual capacity, acting under the color of state law in their individual capacities, deprived WILLIAM KELANI CASTILLO of his civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution when they subjected him to cruel and unusual punishment and acted with deliberate indifference and reckless disregard toward MR. CASTILLO right to be free from unreasonable seizures, and afforded due process of law and by, among other things, the following acts:

a.      Placing MR. CASTILLO a vulnerable pretrial detainee, in a crowded holding cell with a much larger, severely mentally unstable violent felon, and whom defendants knew had recently exhibited aggressive and combative behavior, without watching, monitoring, or protecting MR. CASTILLO;

b.      Failing to provide MR. CASTILLO reasonable security and safe, appropriate housing and monitoring to accommodate his own mental health condition and his vulnerability to abuse and assaults by other inmates.

c.      Causing MR. CASTILLO to remain in the cell with the dangerous and aggressive arrestee known to be against Plaintiff's interest under circumstances which were conducive to the eruption of violence, when defendants knew, or should have known, that an altercation had erupted, further violence was imminent, and MR. CASTILLO had already been known to be required to be in protected custody as he was cooperating with the murder trial.

d.      Failing to properly assess and classify inmates based on their mental health status.

45.     The listed Defendants further knew or must have known that MR. CASTILLO was vulnerable to injury, suffering, and attacks by other inmates, and that if reasonable measures were not taken to abate that risk, MR. CASTILLO suffer serious bodily injury or death.

COMPLAINT AND JURY DEMAND

19

46.    DEFENDANTS DIRKSE, HOUSTON, Sgt White,  Sgt Watson, Sgt Elliot, Sgt Bops, Sgt Gonzales, Custody Assistant Singh and Custody Assistant Robinson and DOES 1 through 10, subjectively knew or should have known that at all times the 2003 Prison Rape Elimination Act ("PREA") 28 C.F.R. Part 115 and 42 U.S.C. § 15609(7) and SADEA was in effect and applicable to the Stanislaus County Jail. At all times jail staff failed to meet basic standards of care within the PREA for training, screening, response and investigation, etc. The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constituted a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

47.    The listed Defendants' failure to intervene, prevent, or stop the constitutional violations by others, of which each listed Defendant knew or must have known, and when each listed Defendant was in a position to so intervene when such violations were occurring, also renders such Defendant(s) liable for these violations.

48.    All Defendants subjected Plaintiff to their wrongful conduct, depriving Plaintiff of the rights described herein, knowingly, maliciously, and with deliberate indifference and conscious and reckless disregard for whether the rights and safety of

WILLIAM KELANI CASTILLO and others would be violated by their acts and/or omissions.

49.    As a proximate result of the foregoing wrongful acts and/or omissions, Plaintiff sustained injuries and damages, as set forth above. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

50.    In committing the acts alleged above, the individually named Defendants and DOE Defendants acted maliciously, oppressively, and/or with reckless disregard for the rights, safety, and well-being of Plaintiff, and by reason thereof, Plaintiff is entitled to punitive damages and penalties allowable under 42 U.S.C. § 1983, no punitive damages are sought directly against the municipal Defendants.

## SECOND CLAIM FOR RELIEF

### FOURTEENTH AMENDMENT – FAILURE TO PROTECT

### (Pursuant to 42 U.S.C. § 1983)

**(PLAINTIFF AGAINST DIRKSE, HOUSTON, Sgt White,  Sgt Watson, Sgt Elliot, Sgt Bops, Sgt Gonzales, Custody Assistant Singh and Custody Assistant Robinson and DOE deputies 1 through 10)**

51.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 50 above as though fully set forth herein.

52.    At all times relevant here, the individual defendants and DOE defendants 1 through 10 were present and were charged with the constitutional duties of

protection of MR. CASTILLO and were charged with the duty to not knowingly, with wanton disregard, cause his life, health and safety to be placed in danger by intentionally and/or deliberately ignoring the known dangers to MR. CASTILLO that their actions and/or omissions placed him in.

53.    Each defendant had ample and reasonably sufficient time and opportunity to so intervene and prevent MR. CASTILLO's  injuries, and was compelled to do so as a Sheriff's deputy or authorized civilian employee under the laws of the State of California and under the Constitution of the United States of America. In deliberate indifference to the life and welfare of MR. CASTILLO, each said Defendant intentionally and with deliberate indifference to the civil rights of MR. CASTILLO, refrained from intervening in the acts leading to MR. CASTILLO's injuries.

54.    As a result thereof, MR. CASTILLO's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution were violated. As a further result thereof, MR. CASTILLO sustained the injuries and damages alleged herein, including injury, trauma and physical pain.

55.    The conduct of the individual DEFENDANTS DIRKSE, HOUSTON, Sgt White,  Sgt Watson, Sgt Elliot, Sgt Bops, Sgt Gonzales, Custody Assistant Singh and Custody Assistant Robinson and DOES 1 through 10 was intentional, malicious, willful, wanton and in reckless disregard of MR. CASTILLO's constitutional rights

and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages on the individual Defendants.

56.    Defendants designation and placement of WILLIAM KELANI CASTILLO in with his attackers, placed WILLIAM KELANI CASTILLO at substantial risk of suffering serious injury and harm.

57.    Defendants failed to reasonably institute measures to abate the risks to MR. CASTILLO even though those risks of serious injury and harm were high and well known and thus Defendants' conduct was negligent and objectively unreasonable.

### THIRD CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy**

**(42 USC §1983)**

**(BY PLAINTIFF AGAINST DEFENDANTS COUNTY OF STANISLAUS/ SSD; DIRKSE & HOUSTON)**

58.    Plaintiff realleges and incorporate by reference in paragraphs 1 through 57 above as though fully set forth herein.

59.    Defendants DIRKSE and HOUSTON failed to take action to protect MR. CASTILLO from injuries he received by failing to make system-wide reforms to protect all inmates, including Plaintiff from harm caused by other inmates negligently processed.

COMPLAINT AND JURY DEMAND

60.     The events that led to MR. CASTILLO's rape is similar to other attacks by inmates on inmates in the recent past of which defendants DIRKSE and HOUSTON were aware or should have been aware.

61.     Moreover, defendants DIRKSE and HOUSTON had a duty in their positions as overseers and mangers of the jail to take action to protect inmates from harm, including Plaintiff.

62.     Plaintiff is informed and believe and thereon allege that, at all times herein mentioned, defendants COUNTY OF STANISLAUS and SSD, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of plaintiff, maintained, allowed, encouraged, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices, and customs:

    a.     failing to adequately train, supervise, and control custodians of jail inmates in the proper recognition of dangerous inmates and violent situations;

    b.     failing to adequately train, supervise, and instruct custodians of jail inmates in properly monitoring, deterring, controlling and responding to inmate altercations and violence;

COMPLAINT AND JURY DEMAND

c.    failing to use appropriate and generally accepted law enforcement procedures in handling emotionally disturbed and/or medically disabled persons;

d.    failing to establish policies and procedures that enable prompt identification and separation of severely emotionally disturbed and/or medically disabled persons, dangerous or violent inmates from other inmates, detainees or arrestees;

e.    failing to adequately train, supervise, and control custodians of jail inmates in the proper response to threats of violence and/or actual violence;

f.    failing to maintain adequate surveillance at the Inmate Reception Center inmate holding cells, to ensure safety of the pretrial detainees and other inmates being held there, especially those that are so mentally unstable that they are unable to care for themselves and present a danger to themselves or others;

g.    failing to establish policies and procedures to reduce the risk of inmate injury by providing for immediate response to inmate violence or threats of violence;

h.  failing to use appropriate and generally accepted law enforcement procedures in handling persons experiencing medical emergencies;

i.  To cover-up violations of constitutional rights by any or all of the following:

    i.  by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of emotionally disturbed persons;

    ii.  by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

    iii.  by allowing, tolerating, and/or encouraging Sheriff Deputies to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

j.  To allow, tolerate, and/or encourage a "code of silence" among law enforcement officers and police department personnel,

whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department; and,

k.  To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 et seq.

63.  Defendants COUNTY, SHERIFF DIRKSE and HOUSTON and DOES 1-10 maintained a policy or de facto unconstitutionally informal custom or practice of permitting, ignoring and condoning jail personnel to delay in providing adequate inmate classification all to the detriment to the safety and welfare of Mr. CASTILLO. Defendants COUNTY, SHERIFF DIRKSE and HOUSTON and DOES 1-10 maintained a policy or de facto unconstitutionally informal custom or practice of failing to regularly and properly observe inmates and cell conditions in violation of Defendants' own policies as well as state guidelines, rules and regulations, all to the detriment to the safety and welfare of Mr. CASTILLO. Defendants COUNTY, SHERIFF DIRKSE and HOUSTON and DOES 1-10 maintained a policy or de facto unconstitutionally informal custom or practice of failing to respond to inmate complaints of unsafe conditions and classifications failure to control jail staff including inadequate intake and screening, failure to supervise, lax supervision,

failure to report, investigate, and reprimand Jail personnel's wrongful conduct, in addition to other known deficiencies alleged in this action.

64.    PLAINTIFF alleges that Defendant COUNTY maintained a policy, custom or practice of failing to provide adequately trained staff in the jail causing a failure to properly classify, house, educate and monitor the inmates.

65.    PLAINTIFF alleges that Defendant COUNTY maintained a policy, custom or practice of failing to provide the jail with adequate security staff and adequate beds for inmate housing.

66.    At all times the PREA was in effect and applicable to the Stanislaus County Jail. At all times jail staff failed to meet basic standards of care within the PREA for training, screening, response and investigation.

67.    PLAINTIFF is further informed and believes and thereon alleges that as a result of the deliberate indifference, deliberate and/or conscious disregard of the misconduct by DOES 1-10, and/or each of them, Defendants COUNTY, SHERIFF DIRKSE and HOUSTON and DOES 1-10 and/or each of them, encouraged the Jail personnel to continue their course of deliberate indifference and caused this lack of training in Jail personnel, resulting in the violation of the PLAINTIFF's rights as alleged herein.

68.    The aforementioned acts and/or omissions and/or deliberate indifference by high ranking STANISLAUS COUNTY officials, including high ranking

STANISLAUS Sheriff's Department Supervisors, Defendants COUNTY, SHERIFF DIRKSE and HOUSTON and DOES 1-10, and each of them resulted in the deprivation of PLAINTIFF's constitutional rights. These customs, practices or policies were the legal cause of PLAINTIFFS' injuries, and each individual DEFENDANT acting in accord with this custom, policy or practice acted with deliberate indifference to the needs of persons such as MR. CASTILLO, who was in the custody and care of DEFENDANTS.

69.    As a direct and proximate result of the foregoing, Plaintiff sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorney fees as more specifically stated above.

**FOURTH CLAIM FOR RELIEF**

**FAILURE TO TRAIN AND SUPERVISE (42 U.S.C. § 1983) BY PLAINTIFFS AGAINST DEFENDANTS COUNTY/SSD, DIRKSE, HOUSTON AND DOES IN THEIR INDIVIDUAL AND OFFICIAL CAPACITY**

70.    Plaintiff realleges and incorporates by reference in paragraphs 1 through 69 above as though fully set forth herein.

71.    At all times mentioned herein and prior thereto, defendants COUNTY/SSD, DIRKSE, HOUSTON and certain DOES had a duty to train, instruct, supervise and discipline their subordinates to assure they respected and did not violate constitutional and statutory rights of inmates, and to objectively investigate violations of said prisoners' rights, including, but not limited to, the right to be free of infliction

of cruel and unusual punishment by torture and the right to be safe and protected from injury while in defendants' custody, under the Fourth, Eighth and Fourteen Amendments to the U.S. Constitution.

72.    Plaintiff is informed and believes, and thereupon alleges, that prior to the incident alleged herein, defendants DIRKSE, HOUSTON and certain DOES facilitated, permitted, ratified and condoned similar acts of inmate on inmate assaults, and were deliberately indifferent to the health and safety of inmates in general and Mr. Castillo in particular. Said defendants knew, or reasonably should have known, of this practice, pattern or policy of constitutional violations, and additionally, of the existence of facts and situations which created the potential of unconstitutional acts, and had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to other persons, but failed to do so.

73.    As a result thereof, Mr. Castillo's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution were violated. As a further result thereof, Mr. Castillo suffered the injuries and damages alleged herein.

74.    The conduct of the individual defendants mentioned herein, in their individual capacities, was intentional, malicious, willful, wanton and in reckless disregard of Mr. Castillo's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society,

so as to justify the imposition of punitive damages on these Defendants in their

individual capacity.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants and each of them, as

follows:

AS TO THE FIRST and SECOND CLAIMS FOR RELIEF AS APPLICABLE

1. For General damages according to proof;

2. For Special damages according to proof;

3. For Exemplary damages as provided by law, in an amount to be proved against

each individual Defendant;

4. For Attorney's Fees pursuant to 42 U.S.C § 1988

5. For Costs of suit;

6. For such other and further relief as the Court may deem proper.

AS TO THE THIRD AND FOURTH CLAIM FOR RLIEF AS APPLICABLE

1. For General damages according to proof;

2. For Special damages according to proof;

3. For Attorney's Fees pursuant to 42 U.S.C § 1988

4. For Costs of suit;

//

//

COMPLAINT AND JURY DEMAND

1  5. For such other and further relief as the Court may deem proper.

2  DATED: July 31, 2023          **CURD, GALINDO & SMITH, LLP**

3

4                                     */s/ Alexis Galindo*

5                                     Alexis Galindo
                                      Maximiliano Galindo

6                                     Attorneys for Plaintiff

7

8                          **JURY DEMAND**

9                     Plaintiff hereby requests a trial by jury.

10

11  DATED: July 31, 2023          **CURD, GALINDO & SMITH, LLP**

12                                    */s/ Alexis Galindo*

13                                    Alexis Galindo
                                      Maximiliano Galindo

14                                    Attorneys for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

27

28