**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
John R. Whitefleet, SBN 213301
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT; JEFF DIRKSE, SCOTT HOUSTON; Sgt. ELLIOT, SINGH, ROBINSON

Alexis Galindo, Esq.
Maximiliano Galindo, Esq.
CURD GALINDO & SMITH LLP
301 East Ocean Blvd., Suite 1700
Long Beach, CA 90802-4828

Attorneys for Plaintiff WILLIAM KELANI CASTILLO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM KELANI CASTILLO,<br><br>              Plaintiff,<br><br>v.<br><br>COUNTY OF STANISLAUS, a public entity, STANISLAUS COUNTY SHERIFF'S DEPARTMENT; JEFF DIRKSE; CAPTAIN SCOTT HOUSTON; Sgt WHITE, Sgt WATSON, Sgt ELLIOT, Sgt BOPS, Sgt GONZALES, Custody Assistant SINGH and Custody Assistant ROBINSON DOES 1 through 10, Jointly and Severally,<br><br>              Defendants.<br>_____/ | No. 2:23-cv-1590 KJM DB<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff WILLIAM KELANI CASTILLO and Defendants COUNTY OF STANISLAUS, STANISLAUS COUNTY SHERIFF'S DEPARTMENT, JEFF DIRKSE, CAPTAIN SCOTT

---
1
STIPULATED PROTECTIVE ORDER
4862-8454-3922, v. 1

HOUSTON, SGT. ELLIOT, SINGH, ROBINSON, by and through their undersigned counsel, and subject to the approval of the Court, stipulate to the following Protective Order as set forth below:

Disclosure and discovery activity in this action may involve the production of confidential information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection that it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.  This Order does not entitle the Parties to file confidential information under seal; Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## I. Definitions

**A. Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

**B. "Confidential" Information or Items:** information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

**C. "Confidential—Attorneys' Eyes Only" Information or Items:** extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

**D. Counsel:** attorneys who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

**E. Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Confidential—Attorneys' Eyes Only."

**F. Disclosure or Discovery Material:** all items or information, regardless of the

2
STIPULATED PROTECTIVE ORDER
4862-8454-3922, v. 1

medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**G.     Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.

**H.     Non-Party:** any natural person, partnership, corporation, association, government entity, or other legal entity not named as a Party to this action.

**I.     Party:** any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel and their support staffs.

**J.     Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**K.     Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**L.     Protected Material:** any Disclosure or Discovery Material that is designated as "Confidential" or "Confidential—Attorneys' Eyes Only."

**M.     Receiving Party:** a Party that receives Protected Materials from a Producing Party.

**II.     Scope**

The protections conferred by this Stipulated Protective Order cover not only the Protected Material, but also (1) any information copied or extracted from Protected Material, (2) all copies, excerpts, summaries, or compilations of Protected Material, and (3) any testimony, conversations, of presentations by the Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulated Protective Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party, or becomes part of the public domain after its disclosure to a Receiving Party as a result of

publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to a Receiving Party prior to the disclosure, or obtained by a Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (c) any use of Protected Material at trial.  Protected Material used at trial shall be governed by a separate agreement or order.

### III.     Duration

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### IV.     Designating Protected Material

**A.     Exercise of Restraint and Care in Designating Material for Protection**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or slow the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not

qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

### B.     Manner and Timing of Designations

For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix the legend "CONFIDENTIAL," for Confidential Information or Items, or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," for "Confidential—Attorneys' Eyes Only" Information or Items, to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriately labeled redactions) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation all of the material made available for inspection shall be deemed "Confidential—Attorneys' Eyes Only" Information or Items.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) and must specify, for each portion, the level of protection being asserted.

For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party must identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted.  In the event a deposition with protected testimony is videotaped, the original and all copies of the videotape shall be marked

"Confidential" or "Confidential—Attorneys' Eyes Only" by the video technician.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

For information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored, the legend "Confidential" or "Confidential—Attorneys' Eyes Only." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

    **C.**    **Inadvertent Failures to Designate**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, a Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**V.**    **Challenging Confidentiality Designations**

Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

The Designating Party and the Challenging Party must meet and confer on the issue. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes

6
STIPULATED PROTECTIVE ORDER
4862-8454-3922, v. 1

that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

If the Parties cannot resolve a challenge without court intervention, the parties shall bring the dispute to the court in compliance with Local Rule 251, including the filing of a Joint Statement re: Discovery Disagreement.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VI. Access To and Use of Protected Material

### A. Basic Principles

Receiving Parties may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for the litigation, preparation for, and trial or settlement of this case. Such Protected Material may be disclosed only to the categories of persons and under conditions described in this Order. *Nothing herein shall be construed to restrict or limit any Party in its presentation at trial of evidence relevant to its claims or defenses.*

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### B. Disclosure of "Confidential" Information or Items

Unless otherwise ordered by the court or permitted in writing by the Designating Party, any information or item designated "Confidential" may be disclosed only to:

1. The Receiving Party and, as applicable, the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2. The Receiving Party's Counsel, including the Counsel's staff to whom it is reasonably necessary to disclose the information for this litigation;

3. Experts (as defined in this Order) retained by the Receiving Party's Counsel to

whom disclosure is reasonably necessary for this litigation;

    4.    The court and its personnel;

    5.    Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    6.    Witnesses to whom disclosure is reasonably necessary during their depositions in the action.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

    7.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; or

    8.    Any other person with the prior written consent of the Designating Party.

**C.**    **Disclosure of "Confidential—Attorneys' Eyes Only" Information or Items**

Unless otherwise ordered by the court or permitted in writing by the Designating Party, any information or item designated "Confidential – Attorney's Eyes only" may be disclosed only to:

    1.    The Receiving Party's Counsel, and the Counsel's staff to whom it is reasonably necessary to disclose the information for this litigation;

    2.     Experts (as defined in this Order) retained by Receiving Party's Counsel to whom disclosure is reasonably necessary for this litigation;

    3.    The court and its personnel;

    5.    Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    6.    Witnesses to whom disclosure is reasonably necessary during their depositions in the action;

    7.    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; or

    8.    Any other person with the prior written consent of the Designating Party..

      Experts to whom "Confidential—Attorneys' Eyes Only" Information or Items are to be disclosed shall be provided and required to read a copy of this Stipulated Protective Order before disclosure of such information to that person.  These experts must agree to abide by the terms of this Stipulated Protective Order by executing an agreement in the form of Attachment A, that acknowledges that the person has reviewed the Stipulated Protective Order, that the person understands the Stipulated Protective Order, and that the person agrees to abide by the Stipulated Protective Order, and by providing the signed agreement to Counsel who intends to make such disclosure.

### VII. **Unauthorized Disclosure of Protected Material**

      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately:

    1.    Notify in writing the Designating Party of the unauthorized disclosures;

    2.    Use its best efforts to retrieve all unauthorized copies of the Protected Material;

    3.    Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

    4.    Request such person or persons to execute the agreement that is attached hereto as Attachment A.

### VIII. **Miscellaneous**

    **A.**    **Right to Further Relief**

Nothing in this Order abridges the right of any person to seek its modification in the future by the court or by signed stipulation by all Parties.

    **B.**    **Non-Parties**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "Confidential—Attorneys' Eyes Only."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from

seeking additional protections.

**C.      Disclosure of Non-Party Confidential Information**

1.      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)      Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)      promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)      make the information requested available for inspection by the Non-Party.

2.      If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[1]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**D.      Inadvertent Production of Privileged or Otherwise Protected Material**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence

---

[1] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in a stipulated protective order submitted to the court.

### E. Right to Assert Other Objections

By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

### F. Filing Protected Material

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Rule 141.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.

## IX. Final Disposition

Within 60 days after the final disposition of this action, as defined in section III, Receiving Parties must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section III (Duration).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

Date: April 3, 2024          PORTER SCOTT
                             A PROFESSIONAL CORPORATION

                             By: /s/ John R. Whitefleet
                                 John R. Whitefleet
                                 Attorneys for Defendants

Date: April 3, 2024          CURD GALINDO & SMITH LLP

                             By:  /s/ Alexis Galindo (auth'd on 3.29.24)
                                 Alexis Galindo
                                 Maximiliano Galindo
                                 Attorneys for Plaintiff

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." L.R. 141(b).

3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251. Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

6. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

DATED: April 3, 2024                    /s/ DEBORAH BARNES
                                        UNITED STATES MAGISTRATE JUDGE