UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM KELANI CASTILLO,

Plaintiff,

v.

COUNTY OF STANISLAUS, et al.

Defendants.

No. 2:23-cv-01590-DC-SCR

ORDER GRANTING PLAINTIFF'S MOTIONS TO AMEND THE FIRST AMENDED COMPLAINT

(Doc. Nos. 23, 28)

This matter is before the court on Plaintiff William Kelani Castillo's motions to amend his first amended complaint ("FAC") and request to modify the court's scheduling order. (Doc. Nos. 23, 28.) The pending motions were taken under submission to be decided on the papers pursuant to Local Rule 230(g). (Doc. Nos. 24, 31.) For the reasons discussed below, the court will grant Plaintiff's motions to amend and request to modify the scheduling order.

**BACKGROUND**

On August 1, 2023, Plaintiff filed a civil rights complaint against Defendants County of Stanislaus, Stanislaus County Sheriff's Department, Jeff Dirkse, Captain Scott Houston, Sergeant White, Sergeant Watson, Sergeant Elliot, Sergeant Bops, Sergeant Gonzales, Custody Assistant Singh, Custody Assistant Robinson, and DOES defendants.[1] (Doc. No. 1.) On December 22,

[1] Plaintiff's pending motions and proposed amended complaint identifies Sergeant Gonzales as Gosalves, Gonsalvez, Gonzalez, Gonsalves. The court will use Gonzales throughout the

2023, Plaintiff filed the operative FAC to cure defects highlighted by defense counsel and to avoid unnecessary motion practice. (Doc. Nos. 7, 9.)

In his FAC, Plaintiff alleges that on August 3, 2021, while incarcerated at Stanislaus County Jail, he was attacked and sexually assaulted by another inmate affiliated with the Northern Riders gang. (Doc. No. 9 at ¶¶ 1, 28.) Plaintiff raises the following claims in his FAC: (1) failure to protect in violation of the Fourteenth Amendment and 42 U.S.C. § 1983; (2) failure to train and supervise in violation of § 1983; and (3) violation of § 1983 under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). (*Id.*)

On March 14, 2024, the court held a scheduling conference and issued a scheduling order setting April 22, 2024, as the deadline to file an amended complaint. (Doc. No. 17.)

Defendants served Plaintiff their initial disclosures on March 29, 2024. (Doc. No. 28-2 at ¶ 5.) The initial disclosures did not identify the names of Stanislaus County Sheriff's Department gang classification officers, who would later be identified as Sergeant James Shelton, Jr., Lieutenant Larry Cupit, and Deputies Hanna Stetson, Reynaldo Ruiz, and Michael Majusiak. (*Id.*) On April 4, 2024, Plaintiff served Defendants a request for production of documents. (*Id.* at ¶ 9.) Defendants responded to Plaintiff's request on May 21, 2024, and provided documents that revealed the identities of the classification officers (Shelton, Cupit, Stetson, Ruiz, and Majusiak). (*Id.*)

Approximately three months later, on August 24, 2024, Plaintiff's counsel received a report from the Modesto Police Department detailing a meeting Plaintiff had with the Stanislaus County District Attorney and a Modesto Police Department detective on December 2, 2016. (Doc. No. 23-1 at ¶¶ 7, 17.) During that meeting, Plaintiff described crimes he witnessed committed by Northern Riders gang members and his concerns for his safety from Northern Riders gang members due to his cooperation. (*Id.* at ¶¶ 9, 25.) The report indicated Shelton was present for that meeting as a transport deputy. (*Id.* at ¶ 16.) On September 10, 2024, Plaintiff's counsel spoke with individuals from the Stanislaus County District Attorney's Office who

---

remainder of this order.

confirmed that Shelton was not only a transport deputy for the meeting but was "actually present for the interview as a Classification officer and gang intelligence specialist for the Stanislaus [County] Sheriff's Department." (*Id*. at ¶ 17.) Plaintiff's counsel declares that information about that meeting is relevant because Shelton would have been aware Plaintiff needed protection from Northern Riders gang members. (*Id*. at ¶ 13.) On September 13, 2024, Plaintiff's counsel requested that counsel meet and confer to discuss a potential stipulation to allow Plaintiff to amend his complaint to add Shelton as a Defendant. (*Id*. at ¶ 15.) A week later, defense counsel indicated they would not stipulate to allow an amendment to Plaintiff's complaint. (*Id*.)

On September 26, 2024, Plaintiff filed the pending (first) motion for leave to amend his FAC to add Shelton as a defendant to this case. (Doc. No. 23.) In his proposed amendment, Plaintiff raises a single claim against Shelton for failure to protect. (Doc. No. 23-1 at 25–30.) On October 10, 2024, Defendants filed their opposition to Plaintiff's motion. (Doc. No. 25.) Plaintiff filed a reply thereto on October 18, 2024. (Doc. No. 26.)

On December 9, 2024, Plaintiff requested dates for the depositions of the named Defendants. (Doc. No. 28-2 at ¶ 14.) On February 5, 2025, Defendant Gonzales was deposed by the parties. (*Id*. at ¶ 16.) In that deposition, Defendant Gonzales testified about the classification process, the information that classification officers possess regarding the various inmates, and how classification affects inmate safety and security. (*Id*. at 5–7.)

Following Defendant Gonzales' deposition testimony, Plaintiff's counsel states he identified Cupit, Stetson, Ruiz, and Majusiak as additional DOE Defendants and asked defense counsel to enter into a stipulation to add them as Defendants. (*Id*. at 7.) Plaintiff's counsel also emailed and called defense counsel requesting that the parties enter into a stipulation to add Cupit, Stetson, Ruiz, and Majusiak as Defendants. (*Id*. at ¶¶ 27, 29–30.)

On February 25, 2025, defense counsel replied indicating that he could not agree to Plaintiff's counsel's request. (*Id*. at ¶ 30.) That same day, Plaintiff filed the pending (second) motion for leave to amend his FAC to add Cupit, Stetson, Ruiz, and Majusiak as Defendants and to modify the court's scheduling order to reopen fact discovery for the limited purpose of deposing the newly added defendants. (Doc. No. 28.) On March 5, 2025, Defendants filed their

opposition to Plaintiff's second motion and request to modify the court's scheduling order. (Doc. No. 29.) Plaintiff filed a reply thereto on March 12, 2025. (Doc. No. 30.)

## LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 16

Under Federal Rule of Civil Procedure 16(b), a district court must issue a scheduling order limiting "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3); *see Beech v. San Joaquin Cnty.*, No. 15-cv-00268-TLN-CKD, 2019 WL 5566250, at *2 (E.D. Cal. Oct. 29, 2019) ("When a court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Rule 16 governs any amendments to the complaint."). Once issued, a scheduling order "[m]ay be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard under Rule 16(b) "primarily considers the diligence of the party seeking the amendment." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)); *see AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (recognizing that Rule 16(b)'s good cause standard is viewed more stringently than Rule 15 and a "tardy motion [must] satisfy the more stringent 'good cause' showing required under Rule 16"). The party seeking modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirements of the scheduling order. *Johnson*, 975 F.2d at 609. Though the court should also consider the prejudice to the party opposing the amendment, "the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

### B. Federal Rule of Civil Procedure 15

Rule 15(a) provides that a court "should freely give leave [to amend] when justice so requires." Fed. 15(a)(2). *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (the policy of favoring amendments to pleadings should be applied with extreme liberality). Nevertheless, leave to amend rests within the sound discretion of the court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996); *Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir.

1996). The court ordinarily considers five factors to assess whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (the consideration of prejudice to the opposing party carries the greatest weight). The five factors "need not all be considered in each case." *Atkins v. Astrue*, No. 10-cv-00180-PJH, 2011 WL 1335607, at *3 (N.D. Cal. Apr. 7, 2011). In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

**DISCUSSION**

In his motions for leave to amend, Plaintiff asserts he seeks to amend his pleadings because facts learned in discovery have revealed Shelton, Cupit, Stetson, Ruiz, and Majusiak to be the DOE Defendants in his original complaint. (Doc. Nos. 23, 28.) Plaintiff also asks the court to modify its scheduling order to allow time to conduct depositions of the proposed defendants. (Doc. No. 28 at 4.) In their opposition, Defendants contend Plaintiff has not established the requisite diligence to modify the court's scheduling order under Rule 16. (Doc. No. 29 at 3.) Defendants also contend Plaintiff's motions for leave to amend should be denied because he engaged in undue delay, his amendment is futile, and the proposed new defendants would be prejudiced. (Doc. Nos. 25 at 2–5; 29 at 3–8.) Lastly, Defendants oppose Plaintiff's request to modify the scheduling order and suggest that if discovery is reopened at all, it should be limited only to permitting the new defendants to conduct discovery as to the claims brought against them, not permitting Plaintiff to conduct any further discovery. (Doc. No. 29 at 8.) The court addresses the parties' positions below.

**A. Plaintiff's Motions to Amend**

1. <u>Federal Rule of Civil Procedure 16</u>

Because Plaintiff's motions to amend were filed after the April 22, 2024 deadline established by the March 14, 2024 scheduling order (Doc. No. 17), the court's analysis begins

with the good cause standard under Rule 16(b)(4). *Johnson*, 975 F.2d at 607–09. Defendants argue Plaintiff has not established good cause as to his second motion to amend because he has not demonstrated diligence in seeking amendment. (Doc. No. 29 at 3.) Specifically, Defendants argue that by May 21, 2024, Plaintiff was in possession of documents that contained the names of Cupit, Stetson, Ruiz, and Majusiak, but waited over seven months to seek to depose them. (*Id.*) Similarly, Defendants argue Plaintiff has not demonstrated diligence because he fails to explain, in that same time frame, why he waited to seek to depose Defendant Gonzales. (*Id.*)

In response, Plaintiff argues he has demonstrated good cause under Rule 16 because he did not unreasonably delay seeking leave to amend his FAC. (Doc. No. 30 at 2.) Specifically, Plaintiff argues that after Cupit, Stetson, Ruiz, and Majusiak were identified, he reviewed hundreds of pages of documents and made multiple document requests "to learn the nexus between the newly identified employees and how their conduct [led] to the Plaintiff's injury." (*Id.* at 5.) Plaintiff argues these documents did not explain "the nexus" and only after Defendant Gonzales was deposed did he understand Cupit, Stetson, Ruiz, and Majusiak's potential liability. (*Id.*)

Allowing parties to amend based on information obtained through discovery is common and well established. *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, No. 05-cv-00583-LKK-GGH, 2006 WL 3733815, *15–16 (E.D. Cal. Dec. 15, 2006) (collecting cases where court granted leave to amend based on "new information revealed through discovery"). Courts routinely find good cause under Rule 16 when a plaintiff's proposed amendments "incorporate what they recently learned in discovery, and they filed their motion without delay." *Est. of Thomas v. Cnty. of Sacramento*, No. 20-cv-00903-KJM-DB, 2021 WL 5280991, at *2 (E.D. Cal. Nov. 12, 2021).

Here, Plaintiff first learned Cupit, Stetson, Ruiz, and Majusiak's names on May 21, 2024. (Doc. 28-2 at ¶ 9.) While Plaintiff may have had some idea that Cupit, Stetson, Ruiz, and Majusiak could bear liability for the August 3, 2021 attack, Plaintiff states he did not understand Defendants' classification process, the information that classification officers possess regarding the various inmates, and/or how classification effects inmate safety and security until the

deposition of Defendant Gonzales on December 9, 2024. (Doc. No. 28 at 13.) Plaintiff asserts it was only at that deposition, which was conducted well within the court's deadline to conduct fact discovery, that he was able to identify the specific conduct and potential liability of Cupit, Stetson, Ruiz, and Majusiak. (Doc. No. 30 at 5–6); *see e.g. Macias v. City of Clovis*, No. 13-cv-01819-BAM, 2016 WL 1162637, at *3–4 (E.D. Cal. Mar. 24, 2016) (finding good cause to amend under Rule 16 because "it was not until Defendants produced the specific documents in discovery that the alleged breadth and extent of Defendants' possible conduct came to light"); *Baker v. Nutrien Ag Sols., Inc.*, No. 21-cv-01490-ADA-SKO, 2023 WL 4352658, at *3–4 (E.D. Cal. Jul. 5, 2023) (finding good cause to amend under Rule 16 because discovery produced after the amendment deadlines allowed the plaintiff to "realize" that another party in interest needed to be joined to the action). The court finds it reasonable that Plaintiff spent time investigating and gathering sufficient evidence to assert his claims against Cupit, Stetson, Ruiz, and Majusiak prior to seeking leave to amend. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (finding no "unjust delay" where plaintiffs waited to amend to add a defendant "until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct").

Moreover, following Defendant Gonzales's deposition, Plaintiff immediately and unsuccessfully sought a stipulation to add Cupit, Stetson, Ruiz, and Majusiak as defendants. (Doc. No. 28-2 at ¶¶ 26, 30.) Plaintiff filed the second motion to amend the same day defense counsel indicated he could not agree to a stipulation. Thus, Plaintiff was diligent in seeking amendment as soon as Cupit, Stetson, Ruiz, and Majusiak's potential liability became known. Consequently, the court concludes Plaintiff has demonstrated good cause under Rule 16 to modify the scheduling order.

2. <u>Federal Rule of Civil Procedure 15</u>

Having established that Plaintiff demonstrated good cause, the court turns to Defendants' arguments that Plaintiff engaged in undue delay, that amendment is futile, and the proposed Defendants would be prejudiced, such that the motions for leave to amend should be denied under Rule 15.

/////

a. *Undue Delay*

By itself, undue delay "is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). However, in combination with other factors, delay provides support for an order denying amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981) (finding a delay of two years, "while not alone enough to support denial, is nevertheless relevant"). To determine if a delay is "undue," courts evaluate: (1) the length of the delay measured from the time the moving party obtained relevant facts; (2) the status of discovery; and (3) the proximity to trial. *Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*, 309 F.R.D. 645, 652 (W.D. Wash. 2015) (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798–99 (9th Cir, 1991)).

Defendants argue Plaintiff engaged in undue delay because "he knew or should have known of the alleged involvement of [] Shelton at the inception of the case." (Doc. No. 25 at 3.) In response, Plaintiff contends he was not aware of Shelton's name in 2016, nor in 2021. (Doc. No. 26 at 2.) Plaintiff contends he only became aware of Shelton's connection to the case after his counsel reviewed the report prepared by the Modesto Police Department and spoke with individuals from the Stanislaus County District Attorney's Office. (*Id.*)

Plaintiff's contentions are persuasive. As noted above, Plaintiff alleges he was unaware of the name of the officer who attended his meeting with the Stanislaus County District Attorney and a Modesto Police Department detective on December 2, 2016. When Plaintiff's counsel was able to identify Shelton as the officer who attended Plaintiff's 2016 meeting, Plaintiff's counsel promptly asked defense counsel to meet and confer to discuss amendment of Plaintiff's FAC. (Doc. No. 23-1 at ¶ 15.) Approximately, two weeks later, Plaintiff filed the first motion to amend. (Doc. No. 23.) Given these circumstances, the court concludes that Plaintiff did not unduly delay in seeking to amend his complaint to add Shelton as a Defendant.

As to Cupit, Stetson, Ruiz, and Majusiak, Defendants contend Plaintiff's second motion to amend was filed with undue delay because he waited ten months to file the motion after "Plaintiff knew or should have known of the alleged involvement of these four additional deputies when documents were produced in May 2024." (Doc. No. 29 at 4.) However, as addressed above,

Plaintiff was made aware of Cupit, Stetson, Ruiz, and Majusiak's potential liability following Defendant Gonzales' deposition. Plaintiff then immediately sought to amend his first amended complaint to add the four additional defendants. The court finds no indication of undue delay. Accordingly, consideration of this factor weighs in favor of permitting amendment.

b. *Futility*

A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). However, "evaluating the merits of proposed claims is generally inappropriate when considering motions for leave to amend." *Banc of Cal., Inc. v. Farmers & Merchs. Bank of Long Beach*, No. 16-cv-01601-CJC-AFM, 2017 WL 2972338, at *1 (C.D. Cal. Apr. 19, 2017); *see Zurich Am. Ins. Co. of Ill. v. VForce Inc.*, No. 18-cv-02066-TLN-CKD, 2020 WL 2732046, at *3 (E.D. Cal. May 26, 2020) ("Ordinarily, 'courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.'") (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)).

Defendants contend Plaintiff's proposed amendments are futile because his claims against the proposed defendants are barred by the applicable statute of limitations. (Doc. Nos. 25 at 3–5; 29 at 5–7.) Actions brought pursuant to 42 U.S.C. § 1983 are governed by the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 265 (1985); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In California, the state statute of limitations for personal injury claims is two years. *The Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F.3d 690, 701 (9th Cir. 2009).

Defendants offer two arguments in support of their contention that Plaintiff's claims against the proposed defendants are barred by the applicable statute of limitations. First, Defendants contend Plaintiff's claim against Shelton is barred by the statute of limitations because Shelton's alleged unlawful conduct occurred in 2016. (Doc. No. 25 at 3–5.) In reply, Plaintiff argues his failure to protect claim against Shelton is based on his conduct in 2021, and he included information about Shelton's conduct in 2016 only to demonstrate that Shelton had knowledge of his duty to protect him. (Doc. No. 26 at 5–6.) Plaintiff's argument is convincing

because his proposed amendment expressly raises a failure to protect claim against Shelton for his alleged failure to protect Plaintiff in 2021, not 2016. (Doc. No. 23-1 at 25–30.) Therefore, the court is not persuaded that permitting Plaintiff to assert a claim against Shelton would be futile.

Next, Defendants contend Plaintiff's claims against Cupit, Stetson, Ruiz, and Majusiak are outside the statute of limitations because they do not relate back to his original complaint. (Doc. No. 29 at 6–7.) In response, Plaintiff argues his claims against Cupit, Stetson, Ruiz, and Majusiak do relate back to his original complaint under Rule 15(c) because he is merely replacing DOE Defendants. (Doc. No. 30 at 7.)

Where a plaintiff seeks to amend the complaint after the applicable statute of limitations has expired, "[a]n otherwise time-barred claim in an amended pleading is deemed timely if it relates back to the date of a timely original pleading." *ASARCO, LLC v. Union Pacific R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). Under Federal Rule of Civil Procedure 15(c), "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the law that provides the applicable statute of limitations allows relation back." Fed. R. Civ. P. 15(c)(1)(A). "Thus, Rule 15(c)(1) incorporates the relation back rules of the law of a state when that state's law provides the applicable statute of limitations and is more lenient." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1200 (9th Cir. 2014).

Under California law, "[t]he general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint." *Woo v. Superior Ct.*, 75 Cal. App. 4th 169, 176 (1999). "A recognized exception to the general rule is the substitution under [California Code of Civil Procedure] section 474 of a new defendant for a fictitious Doe defendant named in the original complaint as to whom a cause of action was stated in the original complaint." *Id*. Section 474 "allows DOE defendants to be added within three years of the filing date of the original complaint if: (1) the complaint states a cause of action against each DOE defendant; (2) the complaint alleges that the plaintiff is ignorant of the true name of each DOE defendant; (3) the plaintiff is actually ignorant of the true name at the time of filing; and (4) the plaintiff amends once the true name of the defendant is discovered." *Jones v. Cnty. of Sacramento*, No. 12-cv-01141-TLN-CKD, 2014 WL 2918850, at *3 (E.D. Cal. Jun. 25, 2014)

(citing *Fireman's Fund. Ins. Co. v. Sparks Const., Inc.*, 114 Cal. App. 4th 1135, 1143 (2004)). As to the fourth element, "[s]ection 474 includes an implicit requirement that a plaintiff may not unreasonably delay his or her filing of a DOE amendment after learning a defendant's identity." A.*N. v. Cnty. of Los Angeles*, 171 Cal. App. 4th 1058, 1066–67 (2009) (internal quotations omitted). If those requirements are fulfilled, the amendment is said to relate back to the original complaint for the purposes of the statute of limitations. *Jones*, 2014 WL 2918850, at *4; *see Merritt v. Cnty. of Los Angeles*, 875 F.2d 765, 768 (9th Cir. 1989) (holding that the relation back provisions of state law, rather than Rule 15(c), govern a federal cause of action pursuant to 42 U.S.C. § 1983).

Here, Plaintiff has satisfied the requirements of section 474. In his original complaint, Plaintiff asserted his failure to protect claim against "DOE deputies 1 through 10." (Doc. No. 1 at 21.) Plaintiff explicitly alleged that he was "ignorant of the true names and capacities sued herein as DOES 1 through 10." (*Id*. at 6.) As addressed above, Plaintiff was ignorant of Cupit, Stetson, Ruiz, and Majusiak's identities at the time the complaint was filed. Plaintiff only identified Cupit, Stetson, Ruiz, and Majusiak as DOE Defendants after deposing Defendant Gonzales. *See Kestler v. City of Santa Rosa*, No. 15-cv-01361-TEH, 2016 WL 3091674, at *3 (N.D. Cal. Jun. 2, 2016) (granting plaintiff leave to amend his complaint because, among other reasons, the court found the plaintiff's contention that he was unaware of a proposed defendant's "potential liability" until after he had deposed a named defendant). Lastly, as discussed above, Plaintiff did not unreasonably delay in seeking to amend. As such, Defendant has not shown that Plaintiff's claims against Cupit, Stetson, Ruiz, and Majusiak are barred by the applicable statute of limitations under section 474.

Defendants next argue amendment would be futile because Plaintiff's proposed second amended complaint fails to state a claim against Cupit, Stetson, Ruiz, and Majusiak. (Doc. No. 29 at 7–8.) Specifically, Defendants argue "[p]risoners have no right under the Constitution to be held in [] protective custody," and Plaintiff "fails to identify that these four [proposed] defendants had any knowledge of a specific risk of harm to plaintiff and made some decision regarding housing." (*Id*. at 7.) "[E]valuating the merits of proposed claims is generally inappropriate when

considering motions for leave to amend." *Banc of Cal., Inc.,*, 2017 WL 2972338, at *1; *see Melendres v. Arpaio*, No. 07-cv-02513-PHX-MHM, 2008 WL 4174918, at *4 (D. Ariz. Sept. 5, 2008) ("In order to avoid piecemeal adjudication, this Court would rather address these and other substantive issues when they are squarely presented to the Court in the form of a dispositive motion addressed to a single amended complaint, where the standard of review on appeal would be de novo rather than an abuse of discretion.").

Here, Plaintiff's proposed amended complaint is not frivolous on its face such that the motions to amend should be denied. Moreover, Defendants' argument on the sufficiency of Plaintiff's claims remain better left for full briefing on a motion filed with the court. Accordingly, consideration of this factor also weighs in favor of permitting amendment.

c. *Prejudice*

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing amendment. *DCD Programs*, 833 F.2d at 187. There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

Defendants contend Plaintiff's proposed amendments pose a threat of prejudice to Shelton, Cupit, Stetson, Ruiz, and Majusiak if they are now added as parties. (Doc. Nos. 25 at 3; 29 at 4–5.) Defendants argue Shelton would be prejudiced by being added as a Defendant because his "alleged unlawful conduct occurred in 2016," though the court has already rejected Defendants' argument in this regard. (Doc. No. 25 at 3.) Defendants also argue Cupit, Stetson, Ruiz, and Majusiak will be prejudiced because they did not have notice of this lawsuit and have "had no opportunity to defend themselves during the pendency of this matter thus far." (Doc. 29 at 4.) However, Cupit, Stetson, Ruiz, and Majusiak possessed constructive notice of this action; they share a "sufficient community of interests" with the named Defendants who are their coworkers and could be represented by the same attorneys. *See Jauregui v. Huntington Beach Police Dep't & John Doe 1 & 2*, No. 11-cv-09182-AB-FFM, 2019 WL 2879872, at *2–3 (C.D. Cal. Apr. 9, 2019) ("Courts look to continued employment and shared legal representation to

determine whether the new defendants and named defendants have a community of interest.") (citing *Mayshack v. Gonzales*, 437 Fed. Appx. 615, 621 (9th Cir. 2011)). Notably, Cupit, Stetson, Ruiz, and Majusiak would not be prejudiced by the delay in adding them to this suit because Defendants have already conducted substantial discovery on behalf of other classification officers and the benefits of that work would accrue to them. *See Clark v. Wash. Dep't of Corr.*, No. 24-cv-06058-TMC, 2026 WL 1067055, at *4 (W.D. Wash. Apr. 20, 2026) (granting plaintiff's motion to amend because, among other reasons, the proposed defendant would not be "prejudiced by the delay in adding him to this suit because his attorney has already conducted discovery on behalf of the other corrections officers").

Further, the court observes that Defendants do not make any contentions that they themselves will be prejudiced if the motions are granted. *See Est. of Mann v. Cnty. of Stanislaus*, No. 21-cv-01098-AWI-SKO, 2022 WL 2533717, at *4 (E.D. Cal. Jul. 7, 2022) (finding defendants would not be prejudiced by allowing plaintiff to amend his complaint because defendants did not identify how they themselves would be prejudiced only a proposed party to the action, "might be prejudiced"). Thus, consideration of this factor likewise weighs in favor of permitting amendment.

Because the above factors all weigh in favor of granting Plaintiff leave to further amend his complaint, the court will grant Plaintiff's motions and permit him to file a second amended complaint.

**B. Plaintiff's Request to Modify the Case Schedule**

In his second motion to amend, Plaintiff also requests that the court modify the court's scheduling order to reopen fact discovery for the limited purpose of allowing him to depose Shelton, Cupit, Stetson, Ruiz, and Majusiak. (Doc. Nos. 28 at 18; 30 at 7.) "The decision to modify a scheduling order is within the broad discretion of the district court." *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002). As noted above, the court may modify its scheduling order only for good cause, and Plaintiff has sufficiently demonstrated good cause for modification of the court's scheduling order. Fed. R. Civ. P. 16(b)(4).

Accordingly, the court will grant Plaintiff's request to modify the case schedule and

reopen fact discovery for the limited purpose of conducting depositions of Shelton, Cupit, Stetson, Ruiz, and Majusiak. The court will direct the parties to meet and confer to discuss dates and file either a joint proposal (if the parties are able to agree) or separate proposals for the court's consideration in further scheduling this case.

**CONCLUSION**

For the reasons explained above:

1. Plaintiff's motions to amend the first amended complaint (Doc. Nos. 23, 28) are GRANTED;
2. Plaintiff shall file his second amended complaint within seven (7) days from the date of entry of this order;
3. Plaintiff's request to modify the court's scheduling order (Doc. No. 28) is GRANTED; and
4. Within 60 days from the date of entry of this order, the parties shall file a joint status report to provide their proposal regarding further scheduling of this case.

IT IS SO ORDERED.

Dated: **August 13, 2026**

Dena Coggins
United States District Judge